ASH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rodion Vladimirovich Nazarov,<br><br>        Petitioner,<br><br>v.<br><br>David Rivas,<br><br>        Respondent. | No. CV-25-04337-PHX-KML (ASB)<br><br>**ORDER** |

On November 20, 2025, petitioner Rodion Vladimirovich Nazarov, who is currently detained in the San Luis Regional Detention Center in San Luis, Arizona, filed a pro se petition for writ of habeas corpus under § 2241 (Doc. 1). By order dated November 24, 2025, the court ordered respondent to show cause why the petition should not be granted. (Doc.3). Respondent has now filed a response. (Doc. 6). Although petitioner has not yet filed a reply, in light of the response, a reply is not necessary to resolve this matter. For the reasons that follow, the court will grant the petition and order that petitioner be immediately released from custody.

I.   **Background**

According to respondent, petitioner is a Russian citizen, and was admitted to the United States on or about May 10, 1992 as a derivative asylee. (Doc. 6-1 at 2-3). After several convictions for attempted drug possession, petitioner was placed in removal proceedings. (*Id.* at 3). On September 9, 1998, an immigration judge (IJ) found petitioner to be removable, and further denied asylum and related relief. (*Id.*). Petitioner appealed,

and on December 17, 2002, the Board of Immigration Appeals (BIA) determined that petitioner was eligible for withholding of removal to Russia, and remanded the matter back to the IJ. (*Id.*). On April 15, 2003, the IJ again found petitioner to be removable, but granted withholding of removal to Russia. (*Id.*). Petitioner again appealed, and the BIA again remanded back to the IJ for consideration of Petitioner's application for asylum; however, on November 6, 2006, the IJ again denied asylum relief. (*Id.*). On March 1, 2025, petitioner was taken into ICE custody to effectuate removal to a third country. (*Id.*). As of the date of this order, petitioner remains in ICE custody. (*Id.* at 4.)

## II.     Legal Standard

Petitioner's continued detention is governed by 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001). Under § 1231(a)(1), the government has 90 days in which to remove an alien once a removal order becomes final. Detention during this removal period is mandatory. 8 U.S.C. § 1231(a)(2). If the government is unable to effect removal within the 90-day removal period, however, continued detention of aliens such as petitioner becomes discretionary. 8 U.S.C. § 1231(a)(6). That discretion, however, is not unfettered, and indefinite detention is not permitted. *Zadvydas*, 533 U.S. at 689. This is not to say that every alien like petitioner must be released once the 90-day removal period has expired. 533 U.S. at 701. Rather, the Supreme Court in *Zadvydas* recognized an implicit post-§ 1231(a)(2) period in which continued detention is "presumptively reasonable" and does not violate the Fifth Amendment. *Id. Zadvydas* concluded that this "presumptively reasonable" period extends for no more than 6 months once an order of removal becomes final (including the 90-day mandatory detention period under § 1231(a)(2)). *Id.* Thereafter, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If, after considering the evidence, the court finds that "removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699.

### III. Discussion

Petitioner has now been detained for more than nine months, well beyond the "presumptively reasonable" period set forth in *Zadvydas*. As such, to obtain relief petitioner must first provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and, if he does so, respondent "must respond with evidence sufficient to rebut that showing." *Id.*

Here, petitioner's order of removal directs that he be removed to Russia. However, that removal is prohibited by the IJ's subsequent ruling that Petitioner is entitled to withholding of removal to Russia. There is thus more than "good reason" to believe that petitioner's removal to Russia is not significantly likely to occur in the reasonably foreseeable future. Respondent does not attempt to rebut that contention.

Instead, respondent provides a lone declaration from Jorge E. Hernandez, an ICE deportation officer. (Doc. 6-1). Hernandez states that ICE's Enforcement and Removal Operations (ERO) division "has not yet identified a third country that will accept Petitioner but continues to work on finding a third country for removal," and is "working with the Department of State to identify a third country." (*Id.* at 4).

This evidence does not rebut petitioner's showing. As an initial matter, it does not appear Hernandez has any personal knowledge of the events he describes. (*Id.* (stating Hernandez made his declaration based on his "review of government databases and documentation relating to the Petitioner").) Nor does the declaration shed any light on what it means that ICE is "working with the Department of State to identify a third country." (*Id.*) No evidence providing any context into these alleged efforts has been provided. Even accepting Hernandez's avowals as true, it supports only that ICE has not even identified a third country that will accept petitioner, much less that his removal to any third country is significantly likely to occur in the reasonably foreseeable future.

*Zadvydas* held that as the period of detention grows, "what counts as the 'reasonably foreseeable future' would have to shrink." 533 U.S. at 701. Petitioner has now been detained for more than nine months, and respondents have provided no evidence to support

- 3 -

1  that a third country has even been identified for removal, much less that removal to it is
2  significantly likely to occur in the reasonably foreseeable future. *Id.* Accordingly, the
3  court finds that petitioner's continued detention is in violation of the Fifth Amendment,
4  and will thus grant the petition.

5  **IT IS ORDERED:**

6  (1)  Petitioner's petition for writ of habeas corpus (Doc. 1) is **granted**.

7  (2)  Respondent must **IMMEDIATELY RELEASE** petitioner from custody.

8  (3)  No more than **48 HOURS** from the time of this Order, respondent must file
9  a notice of compliance.

10 (4)  In light of these rulings, petitioner's motion to expedite (Doc. 7) is **denied as**
11 **moot**.

12 (5)  The clerk of court must enter judgment accordingly and close this case.

13 Dated this 3rd day of December, 2025.

Honorable Krissa M. Lanham
United States District Judge